UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLINA M. PORTER, | Case No. CV 10-09123 DDP (Ex) |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| VAHIC BABKHANLOU and MARYAM BABKHANLOU, | |
| Defendants. | |

Plaintiff initiated this unlawful detainer action against Defendants on August 30, 2010 in Los Angeles Superior Court. Defendants removed to this court on November 24, 2010. Defendants assert that a federal question exists due to Plaintiff's violation of the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. §§ 5201, 5220. Though Defendants may be able to raise a defense under the PTFA, federal question jurisdiction is governed by the "well-pleaded complaint" rule, and cannot be predicated on the existence of a federal defense. <u>Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 14 (1983); <u>See also Detsche Bank Trust Co. v. McNulty</u>, 2011 WL 586970

(D.Nev. 2011). Plaintiff's unlawful detainer complaint raises issues solely of state law, meaning that there is no federal question jurisdiction. 28 U.S.C. § 1331. [1]

Accordingly, the court REMANDS this case to state court.

IT IS SO ORDERED.

Dated: May 6, 2011

DEAN D. PREGERSON
United States District Judge

---

[1] Plaintiffs' attempt to remove under 28 U.S.C. § 1443 not only falls to the well-pleaded complaint rule, but also fails the two-pronged test established in Patel v. Del Taco, Inc., 446 F.3d 996 (9th Cir. 2006). To successfully remove under § 1443, a party must, among other requirements, identify "a state statute or a constitutional provision that purports to command the state courts to ignore [] federal [civil] rights." Patel, 446 F.3d at 999. Defendants have not made such a showing. See, e.g., TTR Investments, Inc. v. Pham, 2011 WL 781471 (C.D. Cal. 2011); Deutsche Bank Nat. Trust Co. V. Salazar, 2011 WL 765568 (C.D. Cal. 2011).